### WILSON v. HORTON.

(Supreme Court, Appellate Term, Second Department. April 3, 1913.)

ATTORNEY AND CLIENT (§ 149*)—FEES—UNPROFESSIONAL CONDUCT—CHECK—CONSIDERATION.

    Where an attorney undertook to contest a will for a contingent fee, but the objections to the probate were withdrawn, there was nothing due the attorney under his contract which could be the consideration for a check given by the client.

    [Ed. Note.—For other cases, see Attorney and Client; Cent. Dig. §§ 351–357; Dec. Dig. § 149.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Reuben Wilson against Dexter B. Horton. Judgment for plaintiff, and defendant appeals. Reversed.

Argued March term, 1913, before GARRETSON, BLACKMAR, and KAPPER, JJ.

Oscar B. Thomas, of New York City, for appellant.

Henry L. Brant, of New York City, for respondent.

PER CURIAM. A fair construction of the agreement under which the plaintiff and his associate were to conduct the contest of the probate of the will of defendant's deceased father (considered in the light of the then existing circumstances) leads to the conclusion that only

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the event of a successful termination of the contest was any compensation to be made to them as attorneys and counsel in the matter. The contest was initiated by the filing of objections, which were withdrawn after the usual proof of the will had been made. There was therefore nothing due plaintiff under the agreement (which was for a contingent fee dependent upon success), and the check sued upon was wholly without consideration.

The defense of duress, even if not fully sustainable by the testimony, discloses a situation and course of conduct on the part of the plaintiff and his associate, as attorneys, towards the defendant, their client, which was unconscionable and an abuse of the professional relations existing between them. Defendant derived no benefit from the services of the plaintiff under the agreement, but, on the contrary, as a result of the abortive contest of the probate of the will, defendant's rights thereunder were imperiled, if not forfeited. That plaintiff rendered services thereafter which were of value to the defendant, by procuring a later agreement with the executrix and residuary devisee, means nothing more than that defendant's rights, which were jeopardized by the unsuccessful contest, were saved to him by the good disposition and concession of the person who would otherwise have benefited thereby.

Inasmuch as the merits of this controversy are fully presented by the evidence set forth in the return, we conclude that we should pronounce the judgment which should have been rendered in the court below, and therefore the judgment appealed from is reversed, and final judgment is directed in favor of the defendant and against the plaintiff, with costs of the appeal and in the Municipal Court.